(INND Rev. 8/16)                                                                page 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

*[Use this form to sue for employment discrimination. NEATLY print in ink (or type) your answers.]*

Jeffrey V. Smith    ,
*[You are the **PLAINTIFF**, print your full name on this line.]*

v.

Jack Cooper Transport    ,
*[The **DEFENDANT** is who you are suing.]*

Case Number **1:17CV 310** TLS
*[For a new case in this court, leave blank.
The court will assign a case number.]*

*[The top of this page is the caption. Everything you file in this case must have the same caption. Once you know your case number, it is VERY IMPORTANT that you include it on everything you send to the court for this case. DO NOT send more than one copy of anything to the court.]*

## EMPLOYMENT DISCRIMINATION COMPLAINT

1. My address is: P.O. Box 13924, Chesapeake, VA 23325

2. My telephone number is: (757) 351-2067
3. The Defendant's address is: 12200 Fogwell Pkwy, Roanoke, IN 46783

4. This action is brought for employment discrimination pursuant to:

☒ Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.
*[race, color, gender, religion, national origin]*

◯ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634.

◯ Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117.

◯ Other: _____

5. I filed a charge of discrimination with the Equal Employment Opportunity Commission or the
Indiana Civil Rights Commission on: November 22, 2016

6. The date on my Notice of Right to Sue letter is: April 25, 2017
7. The date I received my Notice of Right to Sue letter was: May 5, 2017

*[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]*

(INND Rev. 8/16)                                                                                page 2

## CLAIMS and FACTS

DO: Write a short and plain statement using simple English words and sentences.

**DO NOT**: Quote from cases or statutes, use legal terms, or make legal arguments.

DO: Explain when, where, why, and how the defendant discriminated against you.

DO: Include every fact necessary to explain your case and describe your injuries or damages.

DO: Number any documents you attach and refer to them by number in your complaint.

**DO NOT**: Include social security numbers, dates of birth, or the names of minors.

DO: Number your paragraphs. [*The first paragraph has been numbered for you.*]

1. On September 2, 2016 I was discharged from Jack Cooper Transport by Bryan Walter, Terminal Manager, for failure to protest discharge under The Supplemental agreement between International Brotherhood of Teamsters and Jack Cooper Transport (Article 40, rule 8b) On same day I filed a grievance with Teamster local 414 in Fortwayne, In. A hearing was sched for September 8, 2016 at Jack Cooper Terminal. With the no success a resolution panel hearing was sched for September 27 - 29 2016. More than 7 drivers were terminated under Article 40 rule 8b.

② During panel hearing in Sept. 2016 more than 7 (seven) drivers were returned to work. Please see minutes of hearing and note cases # 14 and 18. Both cases note multiple violations of infraction yet drivers were returned to work. In addition, please see cases 16, 17 and 67 all drivers were returned to work with upwards of 8 (eight) violations of same rule. 5 (five) cases were withdrawn (same rule) The difference between myself & others is race all caucasian drivers were returned to work. With zero success in Michigan I flew to Scottsdale for another unsuccessful hearing.

③ After unfavorable results in September and Scottsdale, Az I was sched to attend Arbitration Board hearing in Northern Va. This board sided with Jack Cooper however the board Chair had previously sat on all three hearing and represent Jack Cooper In 2 hearing how is this neutral? I have filed with EEOC Nov 22, 2016 in Norfolk VA and case has transferred to Indianapoli

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

**RELIEF** – If you win this case, what do you want the court to order the defendant to do?

It is my desire if successful I want Jack Cooper to reinstate me with seniority and back pay for missed wages. Health and Welfare paid into fund from Company. Reimbursed for all travel related to cases.

**DOCUMENTS** – I have attached a copy of the following documents:

☒ Charge Of Discrimination form filed with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission

☒ Notice of Right to Sue letter

○ Other: _____

**FILING FEE** – Are you paying the filing fee?

○ Yes, I am paying the $400.00 filing fee. I understand that I am responsible to notify the defendant about this case as required by Federal Rule of Civil Procedure 4. [*If you want the clerk to sign and seal a summons, you need to prepare the summons and submit it to the clerk*.]

☒ No, I am filing a Motion to Proceed In Forma Pauperis and asking the court to notify the defendant about this case.

[*Initial Each Statement*]

_____ I will keep a copy of this complaint for my records.

_____ I will promptly notify the court of any change of address.

_____ I declare **under penalty of perjury** that the statements in this complaint are true.

_____                    7/21/2017
Signature                                              Date

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 437-2017-00189 |

| Virginia Division of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Jeffrey T. Smith** | **(757) 351-2067** | **1964** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 13924, Chesapeake, VA 23325** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **JACK COOPER TRANSPORT** | **500 or More** | **(200) 662-0731** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **12200 Fogwell Pkwy,  Roanoke, IN 46783** | | RECEIVED US EEOC NORFOLK LOCAL OFC 2016 NOV 22 AM 11:51 |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN <br> ☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION <br> ☐ OTHER *(Specify)* | Earliest **09-02-2016**  Latest **09-28-2016** <br> ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired as  a Driver/Hauler by Allied Systems.  I was hauling out of Fort Wayne, Indiana.  The company was bought out by Jack Cooper Transport in 2011 and transferred seniority.  I was discharged on September 2, 2016.  I was denied reinstatement on September 28, 2016.  The White Driver/Haulers had infractions greater than mine but they have been reinstated with full seniority.

The reason given for my discharged was failure to protest the investigation.

I believe I was discharged and denied reinstatement because of my race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| **Nov 22, 2016** <br> Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> *(month, day, year)* |

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Jeffrey T. Smith<br>P.O. Box 13924<br>Chesapeake, VA 23325 | From: Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 437-2017-00189 | Michelle D. Ware,<br>Enforcement Supervisor | (317) 226-5161 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Michelle Eisele,
District Director

APR 25 2017

*(Date Mailed)*

cc:
Katie Helton Esq.
Associate General Counsel
JACK COOPER TRANSPORT COMPANY, INC.
630 Kennesaw Due West
Kennesaw, GA 30152





**Intent to:**    SUSPEND ☐    DISCHARGE ☒ X

Date: _____8/11/16_____

Employee's Name: _____**Jeffery Smith**_____    Payroll #: ____**6994**____

We have completed our investigation, relating to your conduct on (date) _____June 29, 2016_____

in which you (describe violation) ___Failure to meet all requirements of local, state, and federal laws.___

_____

_____

_____

Date(s) of: Prior Reprimand/Warning Notice(s):    25-May-2016    Prior Suspensions:    15-Jun-2016
25-May-2016    15-Jun-2016

This is to advise you, that it is the Company's intent to ___X___ terminate/ _____ suspend you, pursuant to Article __40-8b__ of the Conference Area Supplement to the National Master Automobile Transporters Agreement.

Intent to Suspend is for _____ days.

AUG1116 185464

This action is pursuant to Article 7, Section 20, of the National Master Automobile Transporters Agreement. The absence of a timely protest by you or the Local Union, will be deemed to be a waiver of your rights under Article 7, Section 20, of the National Automobile transporters Agreement and accordingly, your discharge / suspension will be final.

REFUSED TO SIGN
_____
Employee's Signature and/or Certified Mail Receipt Number

Pro test this jr

_____
Terminal Manager/Supervisor – Signature

Fort Wayne - 30
_____
Terminal Location

cc: Employee File
    Local Union #414

## NOTICE TO EMPLOYEE OF:

P.O. BOX 592
ROANOKE, IN 46783-0592

Reprimand/Warning Notice: ☐    Suspension Notice: ☐    Termination Notice: ☒ X

Date: **September 2, 2016**

Employee's Name: **Jeffery Smith**
(PLEASE PRINT)

Employee # : **6994**

On (DATE) **August 11, 2016** , you violated the following (specify violation):

*Your failure to protest the discharge issued under Art. 40.8.b on the above date*

*has resulted in your immediate discharge.*

Your conduct was not in keeping with efficient operations and we therefore find it necessary to:

Discharged

This **Discharge** Notice issued pursuant to Article **40** , Section _____ , of the

**Central
Southern**    Conference Area Supplement to the National Master Automobile Transporters Agreement.

_____
EMPLOYEE'S SIGNATURE

OR

*7015 1730 0000 2202 1481*
CERTIFIED MAIL#

_____
Management / Supervision - Signature

Fort Wayne T-30
Terminal Location

cc:  Employee File
     Personnel
     Local Union# 414
     Certified Mail#



# FINE PAYMENT REQUEST

DATE: 7/8/16

TERMINAL: 30

UNIT NUMBER: 1451

TRIP REPORT NUMBER: 0116181024

TYPE AND NUMBER OF CARS: _____

DRIVER'S NAME: Jeff Smith # 6994

DATE OF CITATION & CITATION NUMBER: 6/29/16  X2048051

VIOLATION: Speeding

KANSAS CITY OFFICE TO PAY? (YES OR NO)    NO

If **NO**, was Bond posted, ComChek sent or driver
reimbursed by Terminal Check OR Driver Responsibility?    Driver Responsibility

DRIVER COMMENTS (IF ANY): _____

TERMINAL COMMENTS (IF ANY): Driver Called on 7/5/16 to report the ticket to us.

APPROVED: B. Watt

Attach ORIGINAL CITATION or COPY & RECEIPT FOR PAYMENT and forward to the KCMO Licensing Dept.

JCT-198                                                    Rev 040203

# Praasterink Law PLC



James D. Praasterink
Attorney at Law

22 August 2016

Mr. Jeffrey James Smith
Post Office Box 13924
Chesapeake, Virginia 23325
(757) 416-4967

RE:    PEOPLE V. SMITH
       FILE NO. 16X2048051

Mr. Smith:

Please find enclosed the Notice to Appear for the Formal Hearing now scheduled for Monday, 26 September 2016 at 10:00 a.m.

Also, I still need you to provide me with a detailed description of the events associated with the issuance of the traffic citation.

Yours sincerely,

James D. Praasterink

JDP:mp
enc.

440 N. State Street | Saint Ignace, Michigan 49781
Phone: 906.643.8600 | Fax: 906.643.8601
Email: JD@PraasterinkLaw.com | Website: www.PraasterinkLaw.com

## BOARD OF ARBITRATION DECISION FORM

**DATE:** November 17, 2016

**COMMITTEE:**    Article 7, Section 9 Board of Arbitration

**CASE NO:**    11-16-668-B

**UNION:**    414 (Fort Wayne)

**EMPLOYER:**    Jack Cooper Transport Company

**RE:**    Company's intent to discharge Jeffery Smith. At its September 2016 hearings, the Central Committee deadlocked on the Company's point of order on untimely protest.

## BOARD OF ARBITRATION PANEL

Herbert Fishgold, Chairperson and Neutral Member
James D. Osmer, Employer Member
Roy Gross, Union Member

## CASE PRESENTED BY:

For the Company:    Gerald Clemens and Curtis Goodwin on behalf of Jack Cooper Transport
For the Union:    George Gerdes and Jeffery Smith (Grievant) on behalf of Teamsters Local 414

## Decision

Having reviewed the record and the arguments made at this proceeding, the Board finds that the grievance was not timely filed, and therefore the Company's point of order is sustained.

Mr. Smith was provided with an intent to discharge on August 11, 2016 pursuant to Article 40, Rule 8(b). Under Article 7, Section 20 an appeal by Mr. Smith and/or the Local Union "must be taken within ten (10) days by written notice" herein, that would have been August 20, 2016. No grievance having been filed by that date, the Company on September 2nd implemented the discharge. Subsequently on September 8, 2016, the Company received a grievance dated 8-2-16 but referencing the September 2, 2016 discharge, well beyond the time provided by Article 40.

**CASE NO. 11-16-668-B**
**PAGE 2**

While Mr. Smith wrote "I protest" on the August 11, 2016 intent to discharge, that does not constitute the filing of a grievance.

/s/ Herbert Fishgold

————————————————————
Herbert Fishgold, Neutral Member

/s/ James D. Osmer                          /s/ Roy Gross

————————————————————        ————————————————————
James D. Osmer, Employer Member          Roy Gross, Union Member
**X Concurring**  ☐ Dissenting            ☐ Concurring **X Dissenting**
                                          **See below dissent opinion**

**Union Dissent:**

By the language of Article 7, Section 20 of the National Agreement, under Article 40 of the Central and Southern Areas Supplement, and under Bulletin No. 588 on Innocent Until Proven Guilty Procedure and Policies, the Grievance # 49384 filed on September 8, 2016, appealing the Company's September 2, 2016 Discharge Notice, was timely filed.

The Company is required to prove just cause for the discharge of the Grievant. The Bulletin requires only a "protest", not an "appeal" or "grievance", to the Company's notice of intent to suspend or discharge under Article 7, Section 20 during the 10 day period of Article 40. The record shows the Grievant made a written protest on the intent forms in this case under the Bulletin which allows either the grievant or the Local to "protest" within the 10 days. That written "protest" by the Grievant required the Company to docket the case to the appropriate Committee to prove just cause in support of Intent to Discharge. When the Company issued the September 2, 2016 "Discharge Notice", which form makes specific reference to employees' rights under Article 40, the Grievant properly "appealed" that Discharge Notice by filing Grievance # 49384 on September 8, 2016. The Board of Arbitration decision in Case 12-10-996-B is distinguished here because the decision in that case says that neither the Local nor the grievant made a written "protest" within the 10 day period. The Union has dissented from that Board decision.

Further, Article 40 gives the Grievant in the present case the contractual right to require the Company to prove just cause for his actual discharge by filing a timely appeal (grievance) from the Discharge Notice of September 2, 2016. An interpretation of an interpretative "bulletin" cannot take that right away. The Grievance # 49384 filed September 8, 2016 is timely, and the Company's point of order should be denied. Union member dissents.

CENTRAL AUTOMOBILE TRANSPORTERS JOINT ARBITRATION COMMITTEE
2555 CROOKS ROAD
TROY, MICHIGAN 48084
(248) 643-7900

MINUTES OF THE CASES HEARD

TUESDAY, WEDNESDAY AND THURSDAY
SEPTEMBER 27, 28 AND 29, 2016

MOTORCITY CASINO HOTEL
2901 GRAND RIVER AVENUE
DETROIT, MICHIGAN  48201
(866) 782-9622

THE FOLLOWING CASES WERE MUTUALLY POSTPONED:
1, 6, 7, 15, 22, 23, 34, 35, 42, 46, 47, 49, 50, 51, 52, 53, 54, 56, 57, 70

THE FOLLOWING CASES WERE SETTLED AND WITHDRAWN:
2, 9, 10, 24, 25, 28, 36, 37, 38, 48, 55, 61

THE FOLLOWING CASES WERE WITHDRAWN:
4, 5, 30, 62, 63

THE FOLLOWING CASES WERE WITHDRAWN WITHOUT PREJUDICE:
26, 41, 45

THE FOLLOWING CASE WAS DOCKETED IN ERROR:
3

NOTE:    The principals on the Committee who were involved in a particular case were excused from the meeting room during the period in which their case was being decided.

LOCAL UNION NO. 332 (FLINT) V. JACK COOPER TRANSPORT COMPANY
8.    Re:    Protest of Jason McConnell to discharge. (******)

DECISION:    Based on the facts and evidence presented in this instant case, the Committee finds the Grievant in violation of Article 40, Rule 1(a) and Article 40, Rule 1(c), failure to report an accident.  Accordingly, the claim of the Union is denied and the discharge upheld.

LOCAL UNION NO. 413 (COLUMBUS) V. ACTIVE USA
11.    Re:    Protest of Joe Gill to discharge.

DECISION:    Based upon the facts presented in this particular case, the Committee holds that the **Grievant's discharge is to be reduced to a disciplinary suspension without pay or** benefits.  Accordingly, he is to be reinstated with full seniority on Monday October 3, 2016.

AUTO HANDLING CORP. V. LOCAL UNION NO. 414 (FT. WAYNE)
12.    Re:    **Company's intent to discharge Lyndon Skeens for 3rd offense of Article 40, Rule 2(c).**(*)

DECISION:    Based on the facts and evidence presented, the Committee finds the Grievant in violation of Article 40, Rule 2(c) 3rd offense.  Accordingly, the intent to discharge is upheld and the claim of the Union is denied.

AUTO HANDLING CORP. V. LOCAL UNION NO. 414 (FT. WAYNE)

13.   Re:   Company's intent to discharge Lyndon Skeens for 4th offense of Article 40, Rule 2(c).(*)

DECISION:   It was not necessary to hear or decide this case because of the decision in Case #12.

JACK COOPER TRANSPORT COMPANY V. LOCAL UNION NO. 414 (FT. WAYNE)

14.   Re:   Company's intent to discharge James Boling for multiple violations of Article 40, Rule 8(b).(*)

DECISION:   Based on the facts and evidence presented, the intent to discharge is reduced to a disciplinary suspension in full settlement of this case. The Grievant shall be returned to work with full seniority on Monday, October 3, 2016.

THE FOLLOWING THREE CASES (16, 17 AND 67) WERE HEARD ON JOINT RECORD
JACK COOPER TRANSPORT COMPANY V. LOCAL UNION NO. 414 (FT. WAYNE)

16.   Re:   Company's intent to discharge Momcilo Nikolic for 3rd and 4th offense of Article 40, Rule 5(b). (*)

17.   Re:   Company's intent to discharge Momcilo Nikolic for 5th, 6th and 7th offense of Article 40, Rule 5(b). (*)

67.   Re:   Company's intent to discharge Momcilo Nikolic for 8th offense of Article 40, Rule 5(b).

DECISION:   Based on the facts and evidence presented, the Committee finds the Grievant in violation of Article 40, Rule 5(b), delay of load. Because of mitigating circumstances, however, the intents to discharge are reduced to a disciplinary suspension. The Grievant shall be suspended from September 27, 2016 and returned to work with full seniority on Monday, October 24, 2016.

JACK COOPER TRANSPORT COMPANY V. LOCAL UNION NO. 414 (FT. WAYNE)

18.   Re:   Company's intent to discharge Jeff Schmidt for violation of Article 40, Rule 8(b) – multiple offenses. (*)

DECISION:   Based on the facts and evidence presented, the intents to discharge are reduced to a disciplinary suspension in full settlement of the case. The Grievant shall be returned to work with full seniority on Monday, October 3, 2016.

LOCAL UNION NO. 710 (CHICAGO) V. CASSENS TRANSPORT COMPANY

19.   Re:   Protest of Sean Evans to discharge.

DECISION:   Based on the facts and evidence presented, the Committee finds the Grievant in violation of Article 40, Rule 1(a). Because of certain mitigating factors, however, the discharge is reduced to a disciplinary suspension. The Grievants shall be returned to work with full seniority but without back pay and benefits on Monday, October 17, 2016.

LOCAL UNION NO. 41 (KANSAS CITY) V. CASSENS TRANSPORT COMPANY

20.   Re:   Protest of James Decker to discharge.

DECISION:   Based upon the facts presented, the Committee holds that the Grievant's discharge for violating Article 40, Rule 4(d) is to be reduced to a disciplinary suspension without pay or benefits. Accordingly, he is to be reinstated with full seniority on Monday, October 24, 2016.

2

## ARTICLE 40.
## DISCHARGE OR SUSPENSION

The Employer shall not discharge or suspend any employees without just cause, but in respect to discharge or suspension shall give at least one (1) warning notice of the complaint against such employee to the employee, in writing, and a copy of same to the Local Union affected, except that no warning notice need be given to an employee before he is discharged if the cause of such discharge is dishonesty or drunkenness or recklessness resulting in serious accident while on duty, or the carrying of unauthorized passengers, or, for employees hired after June 1, 1985, material falsification of an employment application.

Employees given notice of discharge for committing an offense for which a prior warning letter is required will not be separated from employment until after the Employer, the Local Union and the employee have reviewed the facts involved. Such meeting shall be held within seventy-two (72) hours after request of the Employer, excluding Saturdays, Sundays and paid holidays.

The warning notice as herein provided shall not remain in effect for a period longer than outlined in the "Uniform Rules and Regulations." Discharge must be by proper written notice to the employee and the Union affected. The Local Union may request a hearing as to an employee's discharge, suspension or any disciplinary action. Should such hearing prove that an injustice has been done an employee, he shall be reinstated. The Article 7, Section 9 Board of Arbitration, National Automobile Transporters Joint Arbitration Committee, and the appropriate Area Committee shall have the authority to order full, partial or no compensation for time lost.

Appeal from discharge, suspension or warning notice must be taken within ten (10) days by written notice, and a decision reached within thirty (30) days from the date of discharge, suspension or warning notice. If the employee involved is not within the home terminal area when the action of discharge, suspension or warning notice is taken, the ten (10) day period will start from the date of his return to the home terminal. If no decision has been rendered on the appeal within thirty (30) days, the case shall then be taken up as provided in Article 7 of the National Master Automobile Transporters Agreement.

"Uniform Rules and Regulations" with respect to disciplinary action covering the Area as approved by the Joint Area Committee shall prevail in the application and interpretation of this Article regardless of any provisions of this Agreement to the contrary.

Union at the reasonable cost of transcription, which shall be borne by the employee or party making the request.

5. A grievant or Steward may request permission to present argument in support of the case in addition to the evidence or argument presented by the Local Union.

6. All Joint Committees shall provide written decisions describing the reasons relied upon in reaching the decision, and upon request of the Employer or the Local Union, copies shall be provided during the course of the Joint Committee meeting that the case is decided.

7. Cases may be postponed only by mutual agreement between the Local Union and Employer.

8. A copy of the Joint Committee Rules of Procedure, including the Grievant's Bill of Rights, shall be provided by the Joint Committee upon request of the grievant prior to the commencement of the Joint Committee hearing.

### Section 19.

All Multi-State and Area Grievance Committees established under Supplemental Agreements shall revise their Rules of Procedure to include the "Grievant's Bill of Rights" set forth in Section 18 above and shall submit their revised Rules of Procedure to the National Joint Arbitration Committee for approval no more than ninety (90) days after the effective date of this Agreement. The National Joint Arbitration Committee may revise, delete, or add to the Rules of Procedure for a lower level Joint Arbitration Committee in any manner necessary to ensure conformity with the purposes and objectives of the Grievant's Bill of Rights. The decisions of the National Joint Arbitration Committee in this regard shall be final and binding.

### Section 20.

An employee who is discharged or suspended shall remain on the job until the discharge or suspension is sustained under the grievance procedure, except in cases involving the cardinal infractions as

### Article 7

defined in the applicable Area Supplement as any offense for which an employee is subject to discharge without a prior warning notice.

### Section 21.

All monetary grievances that have been resolved either by decision or through settlement shall be paid within fourteen (14) calendar days of formal notification of the decision or date of settlement. If an Employer fails to pay a monetary grievance in accordance with this section, the Employer shall pay as liquidated damages to each affected grievant eight (8) hours straight time pay for each day the Employer delays payment.

## ARTICLE 8.
## PROTECTION OF RIGHTS

### Section 1. Picket Line

It shall not be a violation of this Agreement, and it shall not be cause for discharge, disciplinary action or permanent replacement, in the event an employee refuses to enter upon any property involved in a primary labor dispute, or refuses to go through or work beyond any primary picket line, including the primary picket line of Unions party to this Agreement, and including primary picket lines at the Employer's place of business.

### Section 2. Struck Goods

It shall not be a violation of this Agreement and it shall not be cause for discharge, disciplinary action or permanent replacement, if any employee refuses to perform any service which the Employer undertakes to perform as an ally of an Employer or person whose employees are on strike, and which service, but for such strikes, would be performed by the employees of the Employer or person on strike.

### Section 3.

Subject to Article 33 - Work Preservation, or the appropriate work preservation or subcontracting provisions of the Area Supplements, the Employer agrees that it will not cease or refrain from handling, using, transporting or otherwise dealing in any of the products of

# CENTRAL AND SOUTHERN AREAS SUPPLEMENTAL AGREEMENT

## Covering Truckaway, Driveaway, Local and Garage Operations and Michigan Office Workers



## For the Period of June 1, 2011 through August 31, 2015

Article 38

(i) The provisions of this Section shall also be applicable to laid-off yard, garage and office employees.

### Section 6.
### Voluntary Layoff

Upon the request of the Local Union at any given location, the parties will negotiate a local agreement providing for voluntary layoff of employees, based on seniority, to be in place at such time as normal layoff of employees would occur. An employee on a NMATA signatory employer seniority list who takes a voluntary layoff shall not work for a different NMATA employer or a non-union carhaul company or other employer engaged in the same industry covered by this Agreement during the period of his voluntary layoff. Failure of an employee to comply with this provision shall result in the complete loss of his seniority rights.

### Section 7.
### Extra Equipment

Certificated or permitted carriers shall use their own available equipment together with all leased equipment under minimum thirty (30) day bona fide lease arrangements on a rotating board, before hiring any extra equipment.

### ARTICLE 39.
### ROAD CHECK CARS

All road check cars must have proper identification, so that there will be no question of identification, and a written copy of violations, if any, shall be given to the driver at time of check. All photo observation films taken by cameras approved by the Joint Committee shall be accepted as evidence, but drivers must be given a written copy of such violation at the scene or within a reasonable time after photo was taken. Proper identification shall be construed to mean a permanent sign with letters at least three (3) inches high. It is further agreed that all notices of violations and disciplinary action, if any, under this Section shall be given to the driver within ten (10) days, except where a driver is not available and in such cases not to exceed sixteen (16) days.

### ARTICLE 40.
### DISCHARGE OR SUSPENSION

The Employer shall not discharge or suspend any employees without just cause, but in respect to discharge or suspension shall give at least one (1) warning notice of the

123

**Article 40**

complaint against such employee to the employee, in writing, and a copy of same to the Local Union affected, except that no warning notice need be given to an employee before he is discharged if the cause of such discharge is dishonesty or drunkenness or recklessness resulting in serious accident while on duty, or the carrying of unauthorized passengers, or, for employees hired after June 1, 1985, material falsification of an employment application.

Employees given notice of discharge for committing an offense for which a prior warning letter is required will not be separated from employment until after the Employer, the Local Union and the employee have reviewed the facts involved. Such meeting shall be held within seventy-two (72) hours after request of the Employer, excluding Saturdays, Sundays and paid holidays.

The warning notice as herein provided shall not remain in effect for a period longer than outlined in the "Uniform Rules and Regulations." Discharge must be by proper written notice to the employee and the Union affected. The Local Union may request a hearing as to an employee's discharge, suspension or any disciplinary action. Should such hearing prove that an injustice has been done an employee, he shall be reinstated. The Article 7, Section 9 Board of Arbitration, National Automobile Transporters Joint Arbitration Committee, and the appropriate Area Committee shall have the authority to order full, partial or no compensation for time lost.

Appeal from discharge, suspension or warning notice must be taken within ten (10) days by written notice, and a decision reached within thirty (30) days from the date of discharge, suspension or warning notice. If the employee involved is not within the home terminal area when the action of discharge, suspension or warning notice is taken, the ten (10) day period will start from the date of his return to the home terminal. If no decision has been rendered on the appeal within thirty (30) days, the case shall then be taken up as provided in Article 7 of the National Master Automobile Transporters Agreement.

"Uniform Rules and Regulations" with respect to disciplinary action covering the Area as approved by the Joint Area Committee shall prevail in the application and interpretation of this Article regardless of any provisions of this Agreement to the contrary.

124